**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Juan Guzman Marroquin, | ) | |
| | ) | Case No. 24-cv-1927 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Manish Patel, Mihir Patel, Shiwam, Inc. | ) | |
| d/b/a Shop Mart Liquors and Does 1-2 | ) | Jury Demanded |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Juan Guzman Marroquin ("Plaintiff"), through his attorneys, for his Complaint against Manish Patel, Mihir Patel, Shiwam, Inc., d/b/a Shop Mart Liquors and Does 1-2 (collectively "Defendants"), states as follows:

## INTRODUCTION

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), for failure to pay minimum wage for all hours worked and failure to pay overtime for all hours worked in excess of forty (40) hours in a workweek. Plaintiff sues under the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA") for failure to pay all wages when due n.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

## THE PARTIES

3.      At all relevant times herein, Plaintiff Juan Guzman Marroquin resided in and was domiciled within this judicial district.

4.      At all relevant times herein, Plaintiff was employed by Defendants as an "employee" as defined by the FLSA, IMWL, IWPCA within this judicial district.

5.      At all relevant times herein, Plaintiff was not exempt from the overtime provisions of the FLSA, 29 U.S.C. §207, and the IMWL, 820 ILCS 105/1 *et seq.*

6.      During the course of his employment, Plaintiff worked at the liquor store known as operated by Defendants performing the job of cashier as well as other duties such as stocking products, and cleaning and maintaining the building and equipment.

7.      At all relevant times herein, Defendants have been "employers" as defined in the FLSA, 29 U.S.C. §203(d) and the IMWL, 820 ILCS 105/3(c).

8.      Defendants have had two or more employees, including Plaintiffs, who handle goods that moved in interstate commerce.

9.      Defendant Shiwam, Inc., is a corporation organized under the laws of the State of Illinois, with its principal place of business within this judicial district. Defendant Shiwam, Inc., is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A).

10.     At all relevant times herein, Shiwam, Inc., was Plaintiff's "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq.*

2

11.    Defendants Maish and Mihir Patel are officers of Shiwam, Inc., and were involved in the business operations of Defendant Shiwam, Inc. Defendant Manish and Mihir Patel had the authority to hire and fire persons employed by Defendant Shiwam, Inc. including the Plaintiff; the authority to direct and supervise the work of Defendant Shiwam, Inc. employees; the authority to sign on Defendant Shiwam, Inc.'s checking accounts, including payroll accounts; and the authority to make decisions regarding employee compensation and capital expenditures.

12.    Defendants Manish and Mihir Patel were Plaintiff's "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq.*

**Facts which state a plausible claim for violations and damages under the FLSA, IMWL and IWPCA.**

13.    Defendants paid Plaintiff in cash and provided no accounting or check stubs indicating the hours he worked, nor the wage rate.

14.    Plaintiff worked for Defendants at a liquor store called "Shop Mart Liquors" – which was the d/b/a Defendant Shiwam used for the store is located at  1754 W 127th St, Calumet Park, IL 60827.

15.    Plaintiff began working for Defendant Shiwan/Shop Mart in September of 2015 at first, he was paid $9.00 per hour but this was increased to $12.00 per hour after two months.

16.    Plaintiff left Shop Mart for about five months and then was asked to come back with a promise that he would be paid $15.00 per hour.

17.    Plaintiff regular hours were from 3pm - 11 pm Tuesday Wednesday and Thursday, from 3pm-12am Friday and Saturday and from 2 pm to 11 pm on Sundays for which he was paid $14.00 per hour with no overtime premium for those hours  worked beyond forty per week.

18.    During major holidays such  as New Years, Christmas, Thanksgiving, Labor Day, the

3

Fourth of July and Memorial Day, Plaintiff worked seven days a week and would put in as many as 60 hours per week and he was not paid an overtime premium.

19. For the last months that he worked for Shop Rite, Plaintiff was not paid regularly and would instead be given small amounts like $50 or $60 dollars with a promise that more was coming.

20. Plaintiff has signed a consent to sue letter, which is attached to this complaint as an exhibit.

**COUNT I**
**Violation of the Fair Labor Standards Act - Minimum Wages**

21. Plaintiff incorporates and re-alleges paragraphs 1 through 20 of this Complaint.

22. This Count arises from Defendants' violation of the FLSA, 29 U.S.C. § 206(a)(1)(C), for their failure to pay Plaintiff the minimum wage for the first forty (40) hours worked per week.

23. During the course of Plaintiff's employment with Defendants, Plaintiff was directed by Defendants to work, and did so work more than forty (40) hours in individual work weeks.

24. For several months, Defendants failed to adequately pay Plaintiff for all hours worked and claimed that he was servicing a loan they had given him.  However, when he asked for an accounting, he was repeatedly put off until he finally resigned.

25. Defendants' failure to pay Plaintiff at least the minimum rate of pay for all time worked under forty (40) hours per week violated the FLSA, 29 U.S.C. § 206(a)(1)(C).

26. Defendants willfully violated the FLSA by refusing to pay Plaintiff the minimum wage.

27. Plaintiff is entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' failure to pay the minimum wage as required under the FLSA was a willful violation of the FLSA, 29 U.S.C. § 206(a)(1)(C).

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of the different between the pay Plaintiff was given and

4

what he should have been paid as a minimum wage;

B. Liquidated damages in an amount equal to the number of unpaid wages for which Plaintiff is found to be due and owing;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D. Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the Fair Labor Standards Act - Overtime Wages**

28.     Plaintiff incorporates and re-alleges paragraphs 1 through 27 of this Complaint as though fully set forth herein.

29.     This Count arises from Defendants' violation of the FLSA, 29 U.S.C. §201 *et seq*., for their failure to pay overtime wages to Plaintiff at a rate of one- and one-half times Plaintiff's regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

30.     During the course of Plaintiff's employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

31.     During the course of Plaintiff's employment with Defendants, Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks usually working 51 hours per week but working as many as 60 hours per week during busy holidays.

32.     Pursuant to 29 U.S.C. §207, Plaintiff was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

33.     Plaintiff was paid at a rate of $14.00 per hour.

34.     Defendants did not compensate Plaintiff at the rate of one and one half time their regular rate for all time worked in excess of forty (40) hours in individual work weeks.

5

35.     Defendants' failure to pay Plaintiff overtime wages at a rate of one and one-half times their hourly rate of pay for all time worked in excess of forty (40) hours per week violated the FLSA, 29 U.S.C. § 207.

36.     Defendants willfully violated the FLSA by refusing to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

37.     Plaintiff is entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' failure to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §207.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all time Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiff is found to be due and owing;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D. Such other and further relief as this Court deems appropriate and just.

### COUNT III
### Violation of the Illinois Minimum Wage Law

38.     Plaintiff re-alleges and incorporates paragraphs 1-37.

39.      Count three arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq.*, for their failure to pay, throughout the course of Plaintiff's employment, the minimum hourly wage of $8.25 per hour.

40.      During the course of Plaintiff's employment by Defendants, Plaintiff was not exempt from the minimum wage provisions of the IMWL.

41.      For some months prior to Plaintiff's leaving the employ of Shop Rite, Defendants began withholding his pay and not paying him for all hours worked.

6

42.     Defendants' failure to pay Plaintiff the minimum wage violated the minimum wage provisions of the IMWL, 820 ILCS 105/4(a)(1).

43.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due as provided by the IMWL;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Minimum Wage Law-Overtime Wages

44.     Plaintiff re-alleges and incorporates paragraphs 1-43.

45.     Count four arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq*., for their failure to pay overtime wages to Plaintiff at a rate of one- and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

46.     During the course of Plaintiff's employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the IMWL.

47.     During the course of Plaintiff's employment with Defendants, Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks usually working 51 hours per week but working as many as 60 hours per week during busy holidays.

48.     Pursuant to 820 ILCS 105/4a(1) Plaintiff was entitled to be compensated at a rate of one

7

and one-half times his regular hourly rate of pay ($14.00/hour) for all time worked in excess of forty (40) hours in individual work weeks.

49. Defendants did not compensate Plaintiff at the rate of one and one half time his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

50. Defendants' failure to pay Plaintiff overtime wages at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks violated the maximum hour provisions of the IMWL, 820 ILCS 105/4a(1).

51. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due as provided by the IMWL;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

D. Such other and further relief as this Court deems appropriate and just.

### COUNT V
### Violation of the Illinois Wage Payment and Collection Act – Earned Wages

52. Plaintiff re-alleges and incorporates paragraphs 1-53.

53. Count five arises from Defendants' failure to pay Plaintiff's earned wages when due in violation of the IWPCA, 820 ILCS 115/4.

54.     During the course of Plaintiff's employment by Defendants, the parties had an agreement that Defendants would compensate Plaintiff at agreed upon rates for all time worked.

55.     Defendants did not compensate Plaintiff at the rate agreed to by the Parties for all time worked.

56.     Defendants had an obligation to pay all wages within 13 days of the end of the pay period in which they were earned.

57.     Defendants' failure to pay all wages when due violated the IWPCA, 820 ILCS 115/4.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due and amounts improperly deducted from wages, as provided by the IWPCA;

B. Penalties of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid;

C. Reasonable attorneys' fees and costs of this action as provided by the IWPCA;

D. That the Court determines the rights of the parties and direct Defendants to account for all hours owed wages owed to Plaintiff;

Respectfully submitted,

/s/     Jorge Sanchez
One of Plaintiff's attorneys

Jorge Sanchez
Baldemar Lopez
Lopez & Sanchez LLP
77 W. Washington St., Suite 1313
Chicago, IL 60602
(312) 420-6784

Dated: March 7, 2024